### JACK SHEPHERD v. STATE.

No. A-4325. Opinion Filed April 7, 1924.

(224 Pac. 556.)

(Syllabus.)

**Assault and Battery—Evidence Sustaining Conviction for Assault with Dangerous Weapon with Intent to Do Bodily Harm.** In a prosecution for shooting another with intent to kill, evidence considered and held sufficient to sustain a conviction for assault with a dangerous weapon with intent to do bodily harm.

Appeal from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Jack Shepherd was convicted of assault with a dangerous weapon, and he appeals. Affirmed.

Eaton, Carter & Gilder, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that the defendant, Jack Shepherd, did shoot one Paul Cone with intent to kill. The jury returned a verdict finding him guilty of assault with a dangerous weapon, and assessed the punishment at imprisonment in the penitentiary for a term of two years and nine months. He has appealed from the judgment rendered upon such conviction.

The errors assigned question the sufficiency of the evidence to sustain the conviction, and that the court erred in admitting incompetent evidence over defendant's objections and exceptions.

The evidence shows that in the city of Okmulgee, shortly after midnight, June 15, 1921, the shooting occurred.

Paul Cone testified in substance that he came home between 12 and 1 o'clock; Walter Monroe's wife was there, and was half drunk; that he started across the street with her, and Jack Shepherd approached them and fired two shots at him, the first shot missed, the second shot taking effect, the bullet passing through his intestines; that he had known Jack Shepherd for more than a year, and supposed they were good friends; that after firing the shots Shepherd ran north through the alley towards Joe Walker's house. On cross-examination he testified that when the first shot was fired Monroe's wife ran away, that he knew her husband, Walter Monroe, and he did not fire the shots.

Joe Walker testified in substance that he knew Paul Cone and Jack Shepherd; that he heard the shooting and directly after Jack Shepherd came by; that he asked Shepherd where the shooting was; Shepherd said he did not know; that he went west, witness went south, and found Paul Cone lying in the street, and he carried him to Eva Morris' house.

Eva Morris testified that the defendant, Jack Shepherd, lived next door to her; that she did not see him at any time before or after the shooting that night; that she heard the shots, and when she arrived there Paul Cone was lying on the porch; that she asked him who shot him, and he said, Jack Shepherd shot me.''

On the part of the defense Mrs. I. Z. Monroe testified that she was with Paul Cone when he was shot, and saw the

man that fired the shot, and the man who fired the shots was not the defendant, Jack Shepherd.

The defendant testified that he was not the man who shot Paul Cone; that he never had any difficulty with Paul Cone, and did not have any reason for shooting him.

On cross-examination he stated that he left Okmulgee the night before the shooting, which occurred on Friday night, and went to Eufaula, and did not return until the following Monday. He was then asked if he did not draw a gun on Walter Monroe, husband of the Monroe woman, in Mann's Cafe. The question was objected to on the ground that it was not proper cross-examination and prejudicial; the objection was overruled, and he answered, "No."

In rebuttal Walter Monroe testified that the defendant, Jack Shepherd, drew a gun on him in Mann's Cafe; that he saw the defendant, Jack Shepherd, the day before the shooting working at Fuller's Pool Hall, racking balls. The defendant did not object to this rebuttal testimony, therefore there is nothing before us for review.

It was the theory of the state that the defendant shot his friend, Paul Cone, believing him to be the husband of Mrs. Monroe. It was on this theory the state sought to show the defendant's relations with his witness Mrs. Monroe, and for the purpose of showing motive for the shooting.

It is well settled that the state has the right on cross-examination to show the nature of the relations existing between the witness and the defendant, so far as their relations are such as would create a bias that might reasonably be expected to effect the credibility of the witness, and this rule cannot be changed by the fact that such evidence would probably prejudice the defendant in the minds of the jury. Castleberry v. State, 10 Okla. Cr. 504, 139 Pac. 132.

It is said that the verdict is not sustained by the evidence. The jury had the witnesses before them, and could see their manner of testifying, and they no doubt in determining the truth took into consideration all the attending circumstances of the case. Where there is a direct contradiction between the testimony of the witness for the state and that of the defendant it is for the jury to decide which is worthy of belief.

We are satisfied that the substantial rights of the defendant have not been prejudiced by any error of law appearing in the record. The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.